UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                          Case No. 06-12054

v.

                                          Hon. John Corbett O'Meara

EARLENE WARD,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION**

A clerk's entry of default judgment was entered in this case on June 6, 2006. Plaintiff alleges that Defendant, Earlene Ward, failed to pay certain student loans in the amount of $6,524.65, including interest. On June 16, 2006, Ms. Ward sent a letter to the court disputing the debt. The court will treat Ms. Ward's letter as a motion for reconsideration or for relief from judgment pursuant to Rule 60. Plaintiff submitted a response to Ms. Ward's motion on June 26, 2006. The court will decide this matter on the briefs and without oral argument.

Federal Rule of Civil Procedure 55(c) provides, "For good cause shown the court may set aside an entry of default and, if judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed. R. Civ. P. 55(c). "Under the rule, a stricter standard applies for setting aside a default once it has ripened into a judgment," as it has in this case. Waifersong, Ltd. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992).

> When a defendant seeks relief from a default that has been entered by the clerk upon a plaintiff's request, the district court enjoys considerable latitude under the "good cause shown" standard. But once the court has determined damages and a judgment has been entered, the district court's discretion to vacate the judgment is circumscribed by public policy favoring finality of judgments and

> termination of litigation. Rule 60(b) reflects this public policy by requiring greater specificity from a moving party before a court will set aside a default judgment. While the standards for granting relief differ, the factors to be considered by the court are said to be similar and to include:
> (1) Whether culpable conduct of the defendant led to the default,
> (2) Whether the defendant has a meritorious defense, and
> (3) Whether the plaintiff will be prejudiced.

Id.

In the context of setting aside a default judgment, Rule 60(b)(1) "mandates that a defendant cannot be relieved of a default judgment unless he can demonstrate that his default was the product of mistake, inadvertence, surprise, or excusable neglect.  It is only when the defendant can carry this burden that he will be permitted to demonstrate that he also can satisfy the other two factors: the existence of a meritorious defense and the absence of substantial prejudice to the plaintiff should relief be granted." Id.

In this case, Ms. Ward has not explained her failure to answer or otherwise timely respond to the complaint.  Accordingly, she has not demonstrated that the default was "the product of mistake, inadvertence, surprise or excusable neglect." See id.  Further, upon review of the parties' briefs and exhibits, it does not appear that Ms. Ward has a meritorious defense to the complaint.

Accordingly, IT IS HEREBY ORDERED that Defendant's June 16, 2006 motion for reconsideration is DENIED.

                                         S/John Corbett O'Meara
                                         UNITED STATES DISTRICT JUDGE

Dated: October 4, 2006

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, October 5, 2006, by electronic and/or ordinary mail.

 S/William Barkholz
Case Manager